IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devine Naquann Whitfield, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:19-1353-RMG |
| ) | |
| vs. ) | |
| ) | |
| Sheriff Al Cannon, ) | |
| ) | **ORDER** |
| Respondent. ) | |

Defendant has filed a *pro se* petition under 28 U.S.C. § 2241 seeking habeas release from his present detention pursuant to an alleged supervised revocation violation. Defendant argues that his original 1997 and 1998 federal sentences were unlawful, and he would not have been on supervised release in 2018 when he was arrested by South Carolina law enforcement officials on drug distribution and drug trafficking charges but for his allegedly unlawfully imposed federal sentences. (Dkt. No. 1). This matter was referred to a Magistrate Judge for pretrial handling. On May 31, 2019, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending that the petition under § 2241 be dismissed because he cannot satisfy the requirements for challenging a federal conviction and sentence under the standards for the savings clause of 28 U.S.C. § 2255. (Dkt. No. 8). Defendant filed objections to the R & R. (Dkt. Nos. 12, 21).

The Court has reviewed the R & R, the full record in this matter, and the applicable statutory and case law and finds that the Magistrate Judge ably addressed the factual and legal issues in this matter. Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge

(Dkt. No. 8) as the order of the Court and **DISMISSES** Petitioner's § 2241 petition with prejudice.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court

July 15, 2019
Charleston, South Carolina